**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| CHERYL ANNE VACENOVSKY f/k/a CHERYL ANNE MILLER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-03440 |
| NAVIENT SOLUTIONS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes CHERYL ANNE VACENOVSKY f/k/a CHERYL ANNE MILLER ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of NAVIENT SOLUTIONS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 64 year old natural person residing at 903 Baden Manor Drive, Indianapolis, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

7. Defendant is the largest servicer of student loans in the United States with its principal place of business located at 123 Justison Street, Wilmington, Delaware. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, student loans owed or due or asserted to be owed or due to others using the mail and telephone across the country, including in Indiana.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

9. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

10. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## **FACTS SUPPORTING CAUSES OF ACTION**

12. Many years ago, two of Plaintiff's children, Molly Miller ("Molly") and Brandon Miller ("Brandon"), obtained student loans from Defendant on which Plaintiff cosigned. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

13. After Molly and Brandon defaulted on payments for their student loans, Plaintiff began receiving phone calls from Defendant to her cellular phone, (317) XXX-7928, seeking to collect payment. *See* Exhibit A.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 7928. Plaintiff is and has always been financially responsible for the cellular phone and its services.

15. Initially, the phone number that Defendant would call Plaintiff from was (317) 550-5589. *Id.*

16. Defendant has also used the following phone numbers to call Plaintiff: (302) 261-5532, (765) 637-0791, (765) 637-0793, (855) 208-6476, (317) 550-5596, (765) 637-0795, (302) 261-5793, (866) 963-1599, (302) 261-5502, (866) 989-1674, (615) 432-4240, (386) 269-0562. *Id.*

17. Upon information and belief, the aforementioned phone numbers are regularly used by Defendant to contact consumers during its collection activities.

18. When Plaintiff answers calls from Defendant, she is typically greeted with a pre-recorded message before a live representative comes on the line. *Id.*

19. When Plaintiff does not answer calls from Defendant, it leaves her recorded voice messages on her cellular phone notifying her to return its calls on an urgent basis. *Id.*

20. Upon speaking with one of Defendant's representatives, Plaintiff notified that person that that she does not have the ability to pay, and demanded that it stop contacting her. *Id.*

21. Despite these requests, Defendant has continued to call Plaintiff throughout 2015 and 2016. *Id.*

22. Defendant calls Plaintiff multiple times during the same day and has also placed calls to her cellular phone while she is at work, which has caused her employer to question and reprimand her. *Id.*

23. For instance, on February 28, 2015, June 9, 2015, June 15, 2015, June 16, 2015, and August 20, 2015, Defendant called Plaintiff's cellular phone not less than 6 times each day. *Id.*

24. Plaintiff has repeatedly reiterated to Defendant that she does not wish to be contacted. *Id.*

25. Plaintiff has received no less than 171 calls from Defendant since asking it to stop calling. *Id.*

26. Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

27. Seeking to stop the calls from Defendant, Plaintiff has expended money purchasing and maintaining an application on her cellular phone to block its numbers. *Id.*

28. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

29. Plaintiff has suffered financial loss as a result of Defendant's conduct.

30. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level.

31. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

34. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The recorded message that Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS is being used. Similarly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

35. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS after Plaintiff revoked consent. Even if Plaintiff *may* have consented to receive collection calls from Defendant through means of an ATDS, such permission was explicitly rescinded by her demands to cease contact.

36. The calls placed by Defendant to Plaintiff were regarding collection and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

37. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant willfully acted in defiance of a long string of demands by Plaintiff to cease its conduct.

WHEREFORE, Plaintiff, CHERYL ANNE VACENOVSKY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Enjoining Defendant to cease contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

38. Plaintiff repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

40. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

41. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was also specifically notified by Plaintiff on a number of occasions that she was not able to make payments and to cease calling. Defendant consciously ignored Plaintiff's demands in an abusive attempt to collect payment from her.

42. In violating the TCPA, Defendant engaged in illegal and fraudulent behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

43. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

44. Defendant's conduct is part of a purposeful and systematic scheme to illegally contact unsophisticated consumers who may not be aware of their rights. Defendant continued to call Plaintiff's cellular phone even after being notified multiple times that she did not want to be contacted. Calling an individual's phone six times per day on multiple occasions, and no less than 171 times overall is purposeful conduct. This behavior exhibited by Defendant is an incurable deceptive act for which notice evidently does not remedy.

45. As pled in paragraphs 25 through 31, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, CHERYL ANNE VACENOVSKY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

    d.  Enjoining Defendant to cease contacting Plaintiff; and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 20, 2016                Respectfully submitted,

                                            s/ Nathan C. Volheim
                                            Nathan C. Volheim, Esq. #6302103
                                            Admitted in the Southern District of Indiana
                                            Sulaiman Law Group, Ltd.
                                            900 Jorie Boulevard, Suite 150
                                            Oak Brook, Illinois 60523
                                            (630) 575-8181 x113 (phone)
                                            (630) 575-8188 (fax)
                                            nvolheim@sulaimanlaw.com